
FILED
MAY - 9 2017
Clerk, U.S. District Court
District Of Montana
Billings

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MONTANA
# BILLINGS DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,** <br><br> **Plaintiff,** <br><br> vs. <br><br> **WINCHESTER 12 12-GAUGE SHOTGUN, $14,731.00 in U.S. Currency** <br><br> **Defendants.** | **CV 16-165-BLG-SPW-TJC** <br><br><br> **FINDINGS OF FACT, CONCLUSIONS OF LAW, DEFAULT JUDGMENT AND ORDER OF FORFEITURE** |

This matter is brought before this Court by Plaintiff, United States, by and through its attorney, Victoria L. Francis, Assistant U.S. Attorney for the District of Montana. The United States has filed a Motion for Entry of Default Judgment and Order of Forfeiture pursuant to Fed. R. Civ. P. 55(b)(2). Upon considering the pleadings filed herein, the Court makes the following Findings of Fact and Conclusions of Law:

## FINDINGS OF FACT

1. On November 28, 2016, Plaintiff, United States of America, filed in this cause its Verified Complaint for Forfeiture *In Rem* against the defendant property, consisting of the following: Winchester Model 12, 12 gauge shotgun, Serial Number: 612907 and $14,731.00 in U.S. Currency, for violations of 21 U.S.C. §§ 841 et seq. and 881(a)(6) and (11), and 18 U.S.C. § § 922(g)(3) and 924(d). (Doc. 1, ¶ 1).

2. On January 4, 2017, an FBI Task Force Officer executed the Warrant of Arrest *In Rem* that was issued by this Court, and arrested the defendant property. (Doc. 6).

3. Examination of the court files and records in this case shows that pursuant to Supplemental Rule G(4)(b)(i) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, the United States provided "direct notice" of this action to known potential claimants, Robert Lund and Miriam Lund on December 2, 2016, by mailing them a copy of the Verified Complaint for Forfeiture *In Rem* and Notice of Complaint for Forfeiture by first-class mail and certified mail to the address they provided in the administrative claims process. (*See* Notice of Complaint for Forfeiture, Doc. 3; Declaration in Support of U.S. Motion for Entry of Defaults, Doc. 10, ¶¶ 4-5, Exh. 1;

Supplemental Rule G(4)(b)(iii)(E)). The certified mail receipts for both Robert Lund and Miriam Lund were executed by Miriam Lund, the first class mailings to Robert and Miriam Lund were not returned to the U.S. Attorney's Office. (Doc. 10, ¶¶ 6-7, Exh. 3, 4).

4. Robert Lund and Miriam Lund failed to file a verified claim as instructed in the Notice of Complaint for Forfeiture at page 2, paragraphs 3-4. (Doc. 3). They have also failed to file an answer or a motion under Fed. R. Civ. P. 12 within 21 days after the filing of a claim as required by Supplemental Rule G(5)(b) and as instructed in the Notice of Complaint for Forfeiture at page 3, paragraph 5. (Doc. 3).

5. Service by publication of the forfeiture action pursuant to Supplemental Rule G(4)(a)(iv)(C) was also provided to potential claimants, both known and unknown, by publishing on the government's asset forfeiture web site the Notice of Forfeiture Action for 30 consecutive days, beginning on November 30, 2016, and ending on December 29, 2016. (*See* Declaration of Publication, Doc. 7). No claim was filed with the Court within 60 days of the first day of publication by any known or unknown potential claimant, as required by Supplemental Rule G(5)(a)(ii)(B).

6. After the United States moved for entry of defaults supported by Declarations (Doc. 9, 7, 10), the Clerk of District Court entered the defaults of known potential claimants, Robert and Miriam Lund, and unknown potential claimants on April 7, 2017, for failure to timely file a verified claim and/or answer or otherwise defend as required by the Supplemental Rules. (Doc. 11).

Based on the foregoing findings of fact, the Court makes the following conclusions of law.

## CONCLUSIONS OF LAW

1. The Court has jurisdiction of this action pursuant to 28 U.S.C. §§ 1345 and 1355(a), (b)(1)(A) and (B), and (d).

2. Venue is proper in this District pursuant to 28 U.S.C. §§ 1355 and 1395 because acts or omissions giving rise to the conspiracy to distribute methamphetamine occurred in this District and the defendant property is located in this District.

3. Civil forfeitures are governed by the Supplemental Rules for Certain Admiralty or Maritime Claims and Asset Forfeiture Actions of the Federal Rules of Civil Procedure. *United States v. 2659 Roundhill Drive*, 283 F.3d 1146, 1149 n. 2 (9th Cir. 2002).

4. The Verified Complaint for Forfeiture *In Rem* sets forth detailed facts to support a reasonable belief that the United States will be able to meet its burden of proof at trial as required by Supplemental Rule G(2)(f), to support probable cause, and to provide proof by a preponderance of the evidence to seize and arrest the defendant property described in the Verified Complaint.

5. The totality of circumstances as set forth in the Verified Complaint for Forfeiture *In Rem*, and as summarized in paragraph 24 of the Verified Complaint, demonstrates that the defendant currency was furnished or intended to be furnished by any person in exchange for a controlled substance, or is proceeds traceable to such an exchange, and also constitutes moneys used or intended to be used to facilitate a violation of 21 U.S.C. § 841 et seq., all in violation of 21 U.S.C. § 881(a)(6). In addition, the defendant 12 gauge shotgun was located near the stored methamphetamine and defendant currency in Lund's residence providing evidence that the firearm was used or intended to be used to facilitate the transportation, sale, receipt, possession, or concealment of methamphetamine and other controlled substances and any proceeds traceable to such property, in violation of 21 U.S.C. § 881(a)(11). Further, Lund's admission to agents of long-term use of crank and methamphetamine further supports forfeiture of the defendant firearm under 18 U.S.C. § 922(g)(3) as the firearm was possessed by an

unlawful user of or addict to any controlled substance, and therefore subject to forfeiture under 18 U.S.C. § 924(d)(1).

6. Notice of this action was properly provided to known potential claimants, Robert Lund and Miriam Lund, by mailing the Verified Complaint for Forfeiture *In Rem* and the Notice of Complaint for Forfeiture to their address set forth in their administrative claim in accordance with Supplemental Rule G(4)(b). Notice by publication was also properly provided to known and unknown potential claimants in accordance with Supplemental Rule (G)(4)(a)(iv)(C).

7. In accordance with Fed. R. Civ. P. 55(a) and Supplemental Rules A(2) and G(5), the Clerk of District Court properly entered the defaults of Robert Lund and Miriam Lund and unknown potential claimants. (Doc. 11).

8. Pursuant to Fed. R. Civ. P. 55(b)(2), the United States is entitled to a judgment of default and order of forfeiture against the defendant property and any claims to the defendant property.

IT IS HEREBY ORDERED, ADJUDGED AND DECREED as follows:

1. The United States is granted a default judgment against the defendant property: Winchester Model 12, 12 gauge shotgun, Serial Number: 612907; and $14,731.00 in U.S. Currency.

2. The defendant property consisting of the Winchester Model 12, 12 gauge shotgun, Serial Number: 612907 and $14,731.00 in U.S. Currency, is hereby forfeited to the United States and shall be disposed of in accordance with the law.

DATED this 9th day of May, 2017.

/s/ Susan P. Watters
**SUSAN P. WATTERS**
**United States District Judge**