FILED

AUG 26 2020

Clerk, U S District Court
District Of Montana
Billings

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>WINCHESTER 12 12-GAUGE SHOTGUN, $14,731 in U.S. Currency,<br><br>Defendants. | CV 16-165-BLG-SPW<br><br>ORDER DENYING MOTION TO VACATE |

Before the Court is the Miriam Lund's Motion to Vacate Default Judgment under Federal Rule of Civil Procedure 60(b). (Doc. 14.) For the following reasons, the motion is **DENIED**.

I.  **Background**

Over three years ago, this Court entered a default judgment against the defendant property: a Winchester Model 12, 12-gauge shotgun, and $14,731 in United States currency. (Doc. 13.) This is the first time Ms. Lund has made any claim against the property since the United States initiated this action in November 2016.

1

The Court previously issued Findings of Fact and Conclusions of Law in its Default Judgment and Order of Forfeiture, which the Court outlines again here. (Doc. 14.) On November 28, 2016, the United States filed its Verified Complaint for Forfeiture *In Rem* against the defendant property. (Doc. 1.) On December 2, 2016, the United States provided direct notice to potential claimants, Robert and Miriam Lund, by mailing them a notice and copy of the complaint via certified mail to the address they provided in the administrative claims process. (Doc. 3; Doc. 10 at ¶¶ 4–5; Doc. 10-1.) Ms. Lund executed certified mail receipts for both herself and Mr. Lund. (Doc. 10 at ¶¶ 6–7; Doc. 10-3; Doc. 10-4.) The first-class mailings were not returned to the U.S. Attorney's Office. (*Id.*)

The notice informed the Lunds: "in order to avoid forfeiture of the defendant firearm and currency, any person who asserts an interest in the defendant firearm and/or currency must file a verified claim within **35** days after the date this notice is sent, if the notice is delivered by mail." (Doc. 3 at ¶ 3 (emphasis in original).) The notice described what the contents of a verified claim and an answer would entail, and it stated,

> The verified claim and answer **must** be filed with the Clerk of Court, United States District Court, 2601 2nd Avenue North, Suite 1200, Billings, MT 59101, and a copy of the verified claim and answer or motion must be sent to Victoria L. Francis, Assistant U.S. Attorney, 2601 2nd Ave. N., Box 3200, Billings, MT 59101.

2

(*Id.* at ¶¶ 4–6. (emphasis in original).) In bold print, the notice then informed the Lunds: "**Failure to follow the requirements set forth above may result in judgment by default taken against you for relief demanded in the complaint. You may wish to seek legal advice to protect your interests.**" (*Id.* at ¶ 6.) The Lunds failed to file a claim or answer as instructed.

The United States also provided service by publication of the forfeiture action to potential claimants, both known and unknown, by publishing the notice on the government's asset forfeiture web site for 30 consecutive days, beginning on November 30, 2016, and ending on December 29, 2016. (Doc. 7). No claim was filed with the Court within 60 days of the first day of publication by any potential claimant, as required by Federal Rules of Civil Procedure Supplemental Rule G(5)(a)(ii)(B). (*Id.*)

On April 5, 2017, the United States filed a motion for entry of default and mailed a copy to the Lunds' address. (Doc. 9.) The Clerk of Court entered default on April 7th. (Doc. 11.) Again, the Lunds never asserted any claim to the property, nor did they make any contact with this Court or the United States Attorney's Office regarding the property. (Doc. 18-1 at ¶ 7.)

On May 5, 2017, the United States filed a motion for a default judgment and an order of forfeiture and mailed a copy to the Lunds' address. (Doc. 12.) The Court issued the default judgment and order of forfeiture on May 9th. (Doc. 13.) Again,

the Lunds never asserted any claim to the property, nor did they make any contact with this Court or the United States Attorney's Office regarding the property. (Doc. 18-1 at ¶ 7.)

In a related criminal proceeding, Robert Lund and others were indicted on March 17, 2017, for conspiracy to possess with intent to distribute methamphetamine, beginning on or about October 2015, and continuing thereafter until about June 2016, in Billings and elsewhere in Montana, Idaho, and Utah. *United States v. Lund, et al.*, CR 17-29-SPW, Redacted Indictment (Doc. 2). The indictment included forfeiture allegations for the property now at issue. Mr. Lund pleaded guilty to Counts I and II of the indictment on August 17, 2017. *Id.* at Minute Entry for Change of Plea Hearing (Doc. 82). He was sentenced to 120 months of incarceration on December 14, 2017. *Id.* at Judgment (Doc. 102). The plea agreement provided that the forfeiture count was dismissed at sentencing "because the property contained therein was forfeited to the government on May 9, 2017, when the Court issued an order of forfeiture" in the present civil forfeiture case. *Id.* at Plea Agreement (Doc. 69 at ¶ 2.)

Years later, on February 11, 2020, Mr. Lund filed a motion for the return of the property. *Id.* at Motion (Doc. 126). He stated, "[t]his is my currency," and "[m]y wife tried to retrieve the currency after I was sentenced in my federal case and was denied the return of the currency." *Id.* The Court promptly denied the motion

because Lund forfeited the currency through his plea agreement. *Id.* at Order (Doc. 127).

Now Miriam Lund has filed the instant motion to vacate. (Doc. 13.) She attaches a declaration executed by Mr. Lund, wherein he asserts the currency "was not my currency" and his prior declaration one month earlier was a misstatement. (Doc. 17 at ¶¶ 4–5.) He also now claims he witnessed Ms. Lund mail a claim to the Clerk of Court, (*Id.* at ¶¶ 1–2), though the Court never received such a claim in this civil case or in Mr. Lund's criminal proceeding.

Ms. Lund also now states, "I had no knowledge of the above-entitled case until [February 20, 2020] when I was informed by my Husband of the default judgment against me." (Doc. 16 at ¶ 2.) However, two paragraphs later she states, "I did receive a 'direct notice' of a complaint for forfeiture by certified mail from the U.S. Attorney's office." (*Id.* at ¶ 4.) She claims she "did file a verified claim as instructed," along with an answer asserting the same legal arguments she makes in her motion now. (*Id.* at ¶¶ 5–6.) She claims she "tried numerous times to retrieve [her] currency." (*Id.* at ¶ 8.) She also alleges neither the United States Attorney's Office nor this Court notified her of any hearings or default. (*Id.* at ¶¶ 9–10.)

II.     Discussion

Federal Rule of Civil Procedure 55(c) provides that a court may set aside a default judgment under Rule 60(b). Rule 60(b) lists several grounds for such relief:

(1) mistake, inadvertence, surprise, or excusable neglect;
(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
(4) the judgment is void;
(5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
(6) any other reason that justifies relief.

Any motion under Rule 60(b) "must be made within a reasonable time—and for reasons (1), (2), and (3) *no more than a year* after the entry of the judgment or order or the date of the proceeding." Rule 60(c)(1) (emphasis added).

   a. *Miriam Lund's reasons (1), (3), and (4) are barred under Rule (c)(1) and are otherwise unsupported by the record.*

Miriam Lund moves to vacate the default judgment for four reasons: (1) lack of notice; (2) lack of personal jurisdiction; (3) the judgment was obtained through perjury; and (4) the judgment was otherwise unfairly obtained. However, her motion was filed almost three years after the Court's default judgment. Reasons (1), (3), and (4) are claims of mistake, surprise, excusable neglect, and fraud. These claims are all untimely under Rule 60(c)(1).

Nevertheless, these claims lack merit. Ms. Lund alleges she filed a claim and answer as instructed, but she did not state when she filed them, and she did not file a copy of them or any other supporting documents with her motion, other than Mr. Lund's and her declarations. *See* (Doc. 16 at ¶ 5.) She claims she had no notice of

6

the case until February 20, 2020, but she also admits she received the notice and complaint when the United States mailed them to her, and she claims to have attempted to retrieve her currency "numerous times." *See* (*id.* at ¶¶ 2, 4, 8.) She claims she had no knowledge that the United States was pursuing a default judgment against the property after she purportedly mailed her claim and answer. (*Id.* at ¶ 10.) However, the United States mailed both the motion for entry of default and the motion for entry of default judgment to Ms. Lund's address in Utah—the same address at which she executed the certified mail receipt for the notice and complaint—and the mail was never returned as undeliverable (nor was any other mail sent to the Lunds' address).[1] (Docs. 3, 9, 10-3, 10-4, 12.)

There are other issues also making Ms. Lund's allegations suspect. She filed her motion approximately one month after Mr. Lund filed a motion for the return of the property in his criminal case, wherein he stated the currency was his. *United States v. Lund, et al.*, CR 17-29-SPW, Motion (Doc. 126). Now, after his claim was unsuccessful, he asserts he was mistaken—that he should have referred to the money as "my wife's currency." (Doc. 17 at ¶ 5.) Moreover, in his motion in his criminal

---

[1] While the United States has a duty to send direct notice to potential claimants, it is not required to personally serve the potential claimants because the defendant is the *property* not an individual person. Supplemental Rule G(4)(b); *see United States v. $ 22,050.00 United States Currency*, 595 F.3d 318, 320 n.1 (6th Cir. 2010) (explaining that the government does not have to comply with Rule 4 in a forfeiture proceeding and only needs to provide notice to potential claimants by means reasonably calculated to reach them because "potential claimants are not defendants in an *in rem* action, the seized objects or assets are").

7

proceeding, Mr. Lund stated "My wife tried to retrieve the currency after I was sentenced," which would have been well after the default judgment in this case. *United States v. Lund, et al.*, CR 17-29-SPW, Motion (Doc. 126 at ¶ 3). But conspicuously absent from this statement (and the remainder of Mr. Lund's motion) was any mention of the claim and answer his wife now purports to have timely mailed. Therefore, it appears Mr. Lund is using his wife's motion to now take a second bite at the apple to have his currency returned.

Moreover, the default judgment was proper. Supplemental Rule A(2) permits an entry of default and a default judgment under Rule 55 in forfeiture cases. Default is proper when no person files a timely claim after notice. *See United States v. Real Property Located at 730 Glen-toady Way*, 590 F. Supp. 2d 1295, 1299–1300 (E.D. Cal. 2008).

Default judgment was proper here because the United States showed it provided notice in accordance with Supplemental Rule G(4), and no claim or answer was filed with the Court. There is no concern with due process because the United States mailed the Lunds the verified complaint and notice, and Ms. Lund admits she received notice in her declaration, her memorandum, and by her execution of the certified mail receipt. For all the above reasons, Ms. Lund's claims (1), (3), and (4) lack merit, even if they were not otherwise time-barred.

*b. The Court had jurisdiction over the property.*

Ms. Lund's remaining claim is that the Court lacked personal jurisdiction over the property—i.e., that the judgment was void or voidable. She is mistaken.

21 U.S.C. § 881(a)(6) subjects to forfeiture moneys furnished or intended to be furnished by any person in exchange for a controlled substance or proceeds traceable to such an exchange. A forfeiture action is an action against certain property, not against potential claimants. *United States v. One 1985 Cadillac Seville*, 866 F.2d 1142, 1145 (9th Cir. 1989). 28 U.S.C. § 1355 provides the basis for jurisdiction of civil forfeiture actions:

> (a) The district courts shall have original jurisdiction, exclusive of the courts of the States, of any action or proceeding for the recovery or enforcement of any . . . forfeiture . . . incurred under any Act of Congress . . . .
> (b)(1) A forfeiture action or proceeding may be brought in—
> (A) the district court for the district in which any of the acts or omissions giving rise to the forfeiture occurred . . . .

Therefore, under § 1355(b)(1)(A), a forfeiture action can be filed in a drug conspiracy case in any of the districts where the conspiracy giving rise to the drug proceeds took place. *See United States v. Prop. Identified as $ 88,260.00 in United States Currency*, 925 F. Supp. 838, 840 (D.D.C. 1996).

Section 1355(b)(1)(B) also incorporates § 1395 as a basis for jurisdiction, which provides, "A civil proceeding for the forfeiture of property may be prosecuted in any district where such property is found," and "A civil proceeding for the forfeiture of property seized outside any judicial district may be prosecuted in any

9

district into which the property is brought." Section 1395(b), (c). A court obtains jurisdiction over property such as currency after an arrest warrant is served under Supplemental Rule G(3)(b)(i). *See United States v. One Oil Painting Entitled "Femme En Blanc" by Pablo Picasso*, 362 F. Supp. 2d 1175, 1183 (C.D. Cal. 2005) ("Property is brought under the dominion and control of the court through arrest of the property.")

The Clerk of Court issued a warrant under Supplemental Rule G(3)(b)(i) for the property, bringing it within the Court's jurisdiction for this *in rem* proceeding. (Docs. 4, 5, 6, 8.) The verified complaint also sets forth the acts giving rise to Mr. Lund's conspiracy to distribute methamphetamine in Montana, with the source of the methamphetamine arising out of Utah and Idaho. (Doc. 1.) Mr. Lund admitted to the conspiracy when he pleaded guilty, and he was ultimately sentenced for it in his criminal case. Because acts related to the conspiracy occurred in this district, and because the arrest warrant brought the property under the Court's dominion and control, the Court has jurisdiction over the property.

### III. Conclusion

Ms. Lunds' claims (1), (3), and (4) are time-barred and otherwise lack merit. Moreover, this Court has jurisdiction over the property. Accordingly,

**IT IS HEREBY ORDERED** that Ms. Lund's Motion to Vacate Default Judgment Pursuant to Rule 60(b) (Doc. 14) is **DENIED**.

The Clerk of Court shall notify the parties of this Order.

DATED this 26th day of August, 2020.

                                                SUSAN P. WATTERS
                                                United States District Judge